Rockingham. )
  June, 1900. )

JACKSON, *Ex'r, v.* PISCATAQUA SAVINGS BANK *& a.*

A bequest to a grandson of "certain books marked with his name" will not
  include a bank-book so inscribed, when it appears that the deposit evi-
  denced thereby was not intended as a gift, that other books were found
  which answered the description, and that other clauses of the will made
  substantial provision for the legatee.

BILL IN EQUITY, praying that a deposit standing in the name of
Nathaniel Jackson, Jr., be decreed to be a part of the testator's
estate.

Nathaniel Jackson, the testator, had a son Nathaniel, who died
in 1876, leaving a son Nathaniel, who is one of the defendants.
Between 1882 and 1887, the testator deposited money in the
defendant bank, in the name of Nathaniel Jackson, Jr. He did
not intend by so doing to make a gift, and retained the bank-book
until his death in 1898. His son was known as Nathaniel Jack-
son, Jr., and after his decease the defendant Nathaniel was so
known until 1883. The ninth clause of the will is as follows :
"I give and bequeath to my grandson Nathaniel Jackson my
watch, one revolver, one fowling-piece, and certain books marked
with his name and in the house in which I reside." The gun,
watch, and revolver were of little value. Three books of no sub-
stantial value, marked "Nathaniel Jackson,"were found in the testa-
tor's house. By other clauses, he gave considerable property to
the defendant Nathaniel, and a portion of the estate is not dis-
posed of by the will.

The court ordered that the bank pay the deposit to the plaintiff,
and the defendant Nathaniel excepted.

*Samuel W. Emery,* for the plaintiff.

*Page & Bartlett,* for the defendants.

PEASLEE, J. The defendant Nathaniel claims that the deposit
was given to him under the description "certain books marked
with his name," but the evidence fails to sustain the claim. The
clause in which this expression occurs is one by which the testa-
tor gave articles of no value except as family remembrances. It
calls for books, not one book only ; and if it should be held that
this is a book, it does not answer the description, for the testator
had more than one in mind. The arguments that the testator
must have intended to give something of value, and that the

will is to be so construed as to avoid intestacy, have little weight, for by other clauses he gave Nathaniel considerable property, and upon any construction of the will died intestate as to a portion of his estate.

*Exception overruled.*

YOUNG, J., did not sit: the others concurred.